```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                     CHARLESTON
```

**GLENN ALAN FLANAGAN,**

    **Movant,**

v.                                       **Case No. 2:01-cr-00232-2**
                                                **Case No. 2:04-cv-00849**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, filed pursuant to 28 U.S.C. § 2255, on August 10, 2004 (docket sheet document # 127), a first Supplement to the Motion (# 132), filed on November 29, 2004, and a second Supplement to the Motion (# 133), filed on March 16, 2005.

Movant, Glenn Alan Flanagan (hereinafter referred to as "Defendant"), is serving a 262 month period of imprisonment, to be followed by a five year term of supervised release, upon his guilty plea to engaging in a conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. (Judgment in a Criminal Case, # 84, entered June 26, 2002.) The presiding district judge also imposed a special assessment of $100.00. In lieu of imposing a fine, the court ordered the Bureau of Prisons "to withhold and remit to the Clerk of the Court 60% of Defendant's

prison earnings for distribution to the Defendant's minor children's mother." Id., at 5. Defendant's direct appeal was unsuccessful. United States v. Flanagan, No. 02-4529, 60 Fed. Appx. 962 (4th Cir. Apr. 23, 2003), cert. denied, 540 U.S. 929 (2003).

In his Motion, Defendant asserts that the Supreme Court's decision in Blakely v. Washington, 542 U.S. ___ (2004), should be applied retroactively to his case.

On January 12, 2005, the Supreme Court decided United States v. Booker, 125 S. Ct. 738, which reaffirmed the Court's holding in Apprendi, applied the holding in Blakely to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Defendant's case has concluded direct review and is final. Thus Booker does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

Six Circuit Courts of Appeals have ruled that Booker does not

apply retroactively to cases on collateral review. In <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir. 2005), the Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.
>
> The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the

3

>Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.
>
>   \* \* \* The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. ___ U.S. at ___, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.
>
>   We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

In <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit held that "neither <u>Booker</u> nor <u>Blakely</u> appl[ies] retroactively to [a] collateral challenge." In <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit held "that <u>Booker</u>'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." In <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. 2005), the Sixth Circuit

4

ruled that:

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception. *Beard [v. Banks]*, 124 S. Ct. [2504], 2513-14 [(2004)]. We hold that *Booker*'s rule does not either.

In United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005), the Tenth Circuit held that Blakely was a new rule of criminal procedure that was not subject to retroactive application on collateral review. In Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005), the Third Circuit held that "Booker announced a rule that is 'new' and 'procedural,' but not 'watershed;'" thus it does not apply retroactively to § 2255 motions filed in cases which were final as of January 12, 2005.

Based on McReynolds, Green, Varela, Humphress, Price, Rucker, and Lloyd, the undersigned proposes that the presiding District Judge **FIND** that Movant's conviction was final before Blakely and Booker were decided, and that neither Blakely nor Booker applies retroactively on collateral review.

First Supplement to Motion

Defendant's First Supplement raises the following issue:

The Unconstitutional Sentence requirement that the defendant pay sixty percent (60%) of his earnings while incarcerated to his child when there is no ex[is]ting child support order by the state or the federal government and child support is unrelated to the charges before the Court.

5

(First Supplement, # 132, at 1.) Defendant does not state how the provision is unconstitutional. His First Supplement states that it "was outside the jurisdiction of the Court and as such amounts to a unconstitutional sentence." It appears that Defendant's argument is based on an alleged violation of due process and lack of jurisdiction over the determination of child support.

Defendant's conviction was final on or about October 6, 2003, when the Supreme Court denied his petition for a writ of certiorari. His original Motion was filed on August 10, 2004, and was timely. On or about October 6, 2004, Defendant's one year period of limitation for filing claims pursuant to 28 U.S.C. § 2255 expired. His First Supplement was filed on November 29, 2004. The first inquiry is whether the First Supplement, filed after the one year period of limitations expired, relates back to the original Motion.

Rule 12 of the Rules Governing Section 2255 Cases in the United States District Courts provided, at the time Defendant filed his objections and his Amended/Supplement, as follows:

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.

The Rule was amended effective December 1, 2004, and now reads:

> The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are

>     not inconsistent with any statutory provisions or these
>     rules, may be applied to a proceeding under these rules.

The Advisory Committee Note on the amendment states that the changes "are intended to be stylistic and no substantive change is intended."

Rule 81(a)(2), Federal Rules of Civil Procedure, states that "[t]hese rules are applicable to proceedings for . . . habeas corpus . . ., to the extent that the practice in such proceedings is not set forth in statutes of the United States, . . . or the Rules Governing Section 2255 Proceedings, and has heretofore conformed to the practice in civil actions."

Based on these two quoted rules, courts use Rule 15(c), Federal Rules of Civil Procedure, for guidance as to whether a proposed amendment, filed after the expiration of the one year period of limitation, relates back to the original claim(s). Rule 15(c) states as follows:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>     **(1)** relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>     **(2)** the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>     **(3)** the amendment changes the party or the naming of the party . . . .

In <u>Mayle v. Felix</u>, 125 S. Ct. 2562 (2005), the Supreme Court addressed Rule 15(c)(2) and the relation back of amendments to a

7

habeas corpus petition in the context of 28 U.S.C. § 2254. The Court rejected the argument that the words "conduct, transaction or occurrence" refer to a defendant's trial, conviction or sentence. The Court held that relation back will be permitted "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." 125 S. Ct. at 2574. The Court quoted approvingly from cases decided by circuit courts of appeals which restrict amended claims dependent upon events separate in "both time and type" from the originally raised episodes. Id., at 2571 (quoting United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999); United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000)).

Defendant's original § 2255 Motion argued that the use of the findings in the presentence report as to the adjustments for the amount of drugs, role in the offense, obstruction of justice, and firearms, violated his Sixth Amendment rights. (Motion, at 4.) Thus Defendant challenged the constitutionality of his sentence with respect to the computation of offense level.

The child support issue raised in the First Supplement also challenged the constitutionality of his sentence, but in a completely different respect. The First Supplement argues that the court lacked jurisdiction to impose the child support payment requirement. Accordingly, it appears that the First Supplement claim is similar in time to the original claim in that it arose out

of the same occurrence (the sentence imposed at the sentencing hearing), but is different in type. There is no "common core of operative facts" between Defendant's offense level and his obligation, if any, to pay child support. Accordingly, the undersigned proposes that the presiding district judge **FIND** that Defendant's First Supplement does not relate back to his original § 2255 claim, and is barred by the one year period of limitation as untimely.

Defendant and his attorney did not object when the sentencing judge, the Hon. Charles H. Haden II (now deceased) stated:

> I make a determination not to impose a fine but to devote -- will recommend and make it a part of the judgment that you devote 60 percent of your earnings at prison industries to the support of your children and payable to a guardian or the children's mother and do that in lieu of imposition of a fine here.

(Tr. Disp. Hrng., # 100, at 51.) When the Judgment in a Criminal Case was entered, Defendant and his attorney did not file a motion to correct. The issue was not raised on appeal. Defendant's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967); although he was notified of his right to file a *pro se* brief, Defendant did not do so. United States v. Flanagan, 60 Fed. Appx. at 962. Thus Defendant twice defaulted in bringing his claim forward.

When constitutional issues have not been raised on direct appeal, the standard of review on collateral attack is "cause and actual prejudice" as set forth in United States v. Frady, 456 U.S.

152 (1982).

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478 (1986). And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. *See id.* at 496.

<u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999).

Defendant has not alleged that he was denied effective assistance of counsel; he has not pointed to any impediment which prevented his raising the unconstitutionality of the child support payment at sentencing or on appeal. Accordingly, the undersigned proposes that the presiding district judge **FIND** that Defendant has not shown "cause" to excuse his procedural default of the issue.

The presentence report states that Defendant has two children who are currently under the age of 18. The report does not address whether there is any order in place requiring Defendant to pay child support. Section 5E1.2(e) of the Sentencing Guidelines provides that, if imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine, and the court "shall consider alternative sanctions in

10

lieu of all or a portion of the fine," but the alternative sanctions are not listed.

Upon inquiry by staff, the undersigned has learned that the Bureau of Prisons has been following the directions contained in the Judgment in a Criminal Case. Defendant's prison earnings are $14.00 per month, 60% of which would be $8.40. The Bureau has deducted the following amounts from Defendant's account:

| | |
|---|---|
| March 12, 2003 | $ 84.20 |
| September 10, 2003 | 25.00 |
| December 9, 2003 | 25.00 |
| March 10, 2004 | 25.00 |
| September 9, 2004 | 25.00 |
| December 11, 2004 | 25.00 |
| March 12, 2005 | 25.00 |
| June 9, 2005 | 25.00 |
| July 9, 2005 | 25.00 |

The payments have been made to the Court Administrator's Office of this Court. Upon inquiry of the Court Administrator, the undersigned has learned that the money was received and forwarded each month to Vetta Flanagan, who is named in the presentence report as the mother of Defendant's two minor children.

The undersigned has found only one published opinion which addresses an order to pay child support in lieu of a fine. In United States v. Chandler, 125 F.3d 892,898 (5th Cir. 1997), a case on direct appeal, the court vacated the portion of the Judgment in a Criminal Case that ordered the defendant to pay half of his prison earnings to his daughter's mother, "[b]ecause we can find no authority for such a sanction under § 841(a)(1)."

11

It may be true that the order to the Bureau of Prisons, to pay 60% of Defendant's prison earnings to the Clerk to be forwarded to Defendant's children's mother, is inappropriate; however, that issue has been procedurally defaulted, and was not timely made.

Second Supplement to Motion

Defendant's Second Supplement (# 133) raises a claim that his right to confront witnesses against him was violated by the court's use of factual findings in the presentence report to enhance his sentence, citing Crawford v. Washington, 541 U.S. 36 (2004), and Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005), reh. denied and amended, 408 F.3d 1127 (9th Cir. 2005). (Second Supplement, at 2.) He contends that the quantity of methamphetamine attributed to him (relevant conduct, purity and weight) should have been subject to cross-examination. Id., at 2-3.

Based on the analysis set forth above of the law relating to the relation back of an amendment to a § 2255 Motion, the undersigned proposes that the presiding district judge **FIND** that the Second Supplement, which challenges the quantity of methamphetamine attributed to him, is of the same time and type of claim raised in his original Motion, arises out of the same core of operative facts, and relates back.

Defendant was charged with and pled guilty to engaging in a conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

Accordingly, pursuant to 21 U.S.C. § 841(b)(1)(A)(vii), Defendant was exposed to a term of imprisonment which may not be less than ten years or more than life.

The presentence report assigned base offense level 36, based on conduct involving quantities of mixtures containing detectable amounts of methamphetamine which converted to at least 10,000 kilos but less than 30,000 kilos of marijuana. The quantities were based on information provided by Sammy Cravens and on laboratory reports of substances seized on September 26 and October 5, 2001 (PSR, ¶ 25, at 9.)

The transcript of the sentencing hearing reveals that the United States presented testimony from three witnesses, Sammy Cravens, Amy Cravens, and DEA Special Agent Brian Hoffman, all of whom were cross-examined by Defendant's attorney. (Tr. Disp. Hrng., # 100, at 4-44.) The testimony concerned Defendant's role in the offense and the applicability of the two-level firearm enhancement. Judge Haden upheld the objection as to the firearm enhancement, and reduced the PSR's role in the offense enhancement from a 4-level increase to a 3-level increase. Defendant did not object to the quantities attributed to him. Defense counsel had the opportunity to cross-examine Sammy Cravens. The undersigned proposes that the presiding district judge **FIND** that Defendant does not have a meritorious claim that his sentence was determined without the benefit of cross-examination of his accusers.

13

For the foregoing reasons, it is respectfully **RECOMMENDED** that the District Court **DENY** Movant's Motion filed pursuant to 28 U.S.C. § 2255.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and

this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Glenn Alan Flanagan, and to counsel of record.

```
  July 27, 2005                        /s/ Mary E. Stanley
      Date                            Mary E. Stanley
                                      United States Magistrate Judge
```